IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tyneshia Brooks Livingston, | ) | C/A No. 3:26-138-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Blast Films, Ltd.; Netflix, Inc.; John Does 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tyneshia Brooks Livingston brought this civil action against the named defendants raising various state law claims.  Defendant Netflix removed this action from the Richland County Court of Common Pleas.[1]  On February 11, 2026, Defendant Netflix filed a motion to dismiss.  (ECF No. 14.)

The court entered a docket text order on March 19, 2026 noting that no counsel had made an appearance on behalf of Plaintiff and directing the clerk of court to designate Plaintiff as proceeding *pro se*.  (ECF No. 15.)  Plaintiff was subsequently instructed via order on her duty to keep the court apprised of her address and was directed to file answers to court's interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.).  (ECF No. 23.)  Plaintiff was also informed that she was responsible for service of process on any unserved defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.  (Id.)  Additionally, by order of this court filed April 8, 2026, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal and

---

[1] Defendant Netflix notes in its Notice of Removal that Defendant Blast Films had not been served as of the date of removal, but had nonetheless consented to the removal of the action without waiving the defense that it had not been properly served or joined.  (ECF No. 1 at 3.)

summary judgment procedures and the possible consequences if she failed to respond adequately. (ECF No. 25.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motion.  Additionally, Plaintiff did not file Local Civil Rule 26.01 interrogatories or file any proof of service with the court as to the unserved defendants. In short, Plaintiff has not filed anything whatsoever with this court following removal of this action.  As such, it appears to the court that she does not oppose the defendant's motion and wishes to abandon this action.

Based on the foregoing it is

**ORDERED** that Plaintiff shall advise the court as to whether she wishes to continue with this case and to file a response to the defendant's motion to dismiss within fourteen (14) days from the date of this order.  Plaintiff is further advised that if she fails to respond, **this action may be dismissed with prejudice for failure to prosecute.**  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

## RECOMMENDATION

As the service deadline has expired, the court recommends that Defendants Blast Films and John Does 1-10 be dismissed from this action for Plaintiff's failure to serve pursuant to Rule 4(m).

Additionally, should Plaintiff fail to file objections to this recommendation or otherwise indicate that she wishes to continue with this case, it is recommended that this action be dismissed with prejudice for lack of prosecution.  See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the

district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  If this recommendation is adopted, the court further recommends that any pending motions (ECF No. 14) be terminated.

May 20, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).