IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tyneshia Brooks Livingston, | C/A No. 3:26-cv-00138-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Blast Films, Ltd., Netflix, Inc., and John Does 1–10, | |
| Defendants. | |

Plaintiff Tyneshia Livingston originally filed this complaint in state court asserting various state law claims. *See* ECF No. 1. Defendant Netflix removed this action and filed a motion to dismiss. [ECF Nos. 1, 14.] No counsel made an appearance on Plaintiff's behalf, and the court entered an order directing the Clerk of Court to designate Plaintiff as proceeding *pro se* and referring the case to a United States Magistrate Judge. [ECF No. 15.] The magistrate judge subsequently instructed Plaintiff on her duties, advised her of the dismissal and summary judgment procedures, and warned her of the possible consequences for failing to respond adequately. *See* ECF Nos. 23, 25. Plaintiff, however, failed to file anything whatsoever following the removal of this action. [ECF No. 31.]

Pending before this court is a Report and Recommendation (the "Report") by Magistrate Judge Paige J. Gossett, recommending the complaint be dismissed for failure to prosecute. [ECF No. 31.] The Report alternatively recommends that Defendants Blast Films and John Does 1–10 be dismissed for Plaintiff's failure to serve pursuant to Rule 4(m). *Id.* Attached to the Report was a notice advising Plaintiff of her right to file objections to the Report. *Id.* at 4. Plaintiff did not file objections to the Report, and the time for doing so has lapsed.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, Plaintiff's case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Given this dismissal, the pending motion to dismiss, ECF No. 14, is **TERMINATED AS MOOT.**

**IT IS SO ORDERED.**

June 18, 2026                                      Sherri A. Lydon
Columbia, South Carolina                   United States District Judge